IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GAUBRIELLE BROWN, On Behalf of Herself and All Others Similarly Situated, | CLASS AND COLLECTIVE ACTION |
| *Plaintiffs*, | CASE NO. 4:24-cv-610 |
| v. | **JURY TRIAL DEMANDED** |
| BLUEGRASS HOSPITALITY GROUP, LLC and BLUEGRASS HOSPITALITY MANAGEMENT, LLC, | |
| *Defendants*. | |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.  INTRODUCTION**

1. Plaintiff Gaubrielle Brown brings this action against Defendants Bluegrass Hospitality Group, LLC and Bluegrass Hospitality Management, LLC ("Defendants") to recover unpaid minimum and overtime wages, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. §§ 290.500, *et seq.* Defendants paid certain employees, including servers and bartenders, a tipped hourly wage less than the FLSA's $7.25 per hour minimum wage (and the statutory $10.88 per hour minimum overtime wage for hours worked over 40 in a workweek) and likewise below the MMWL's statutory minimum wage (including

the minimum overtime wage for hours worked over 40 in a workweek).[1] Defendants instead relied on customer tips received by employees, pursuant to the "tip credit" provisions of the FLSA and the MMWL, to satisfy their statutory minimum wage obligations. The employees Defendants paid in this manner are referred to herein as "Tip Credit Employees."

2. Defendants violated the FLSA and the MMWL because they: (1) failed to satisfy the notice prerequisite for taking the "tip credit"; and (2) required Tipped Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks before and after serving customers and throughout their shift while being paid less than the statutory minimum wage. By failing to satisfy the requirements of the tip-credit provisions of the FLSA and the MMWL, Defendants forfeited their right to rely on the tip credit provisions of the FLSA and the MMWL and failed to pay the required minimum wage (pursuant to 29 U.S.C. § 206 and Mo. Rev. Stat. § 290.502) and overtime wage (pursuant to 29 U.S.C. § 207 and Mo. Rev. Stat. § 290.505).

3. Plaintiff asserts her FLSA claims on behalf of herself and all others similarly situated pursuant to 29 U.S.C. § 216(b) and her MMWL claims as a class action, on behalf of herself and all others similarly situated, pursuant to Fed. R. Civ. P. 23.

## II. JURISDICTION

4. This Court has jurisdiction over Plaintiff's claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant

---

[1] The minimum wage under the MMWL increases each year and is currently $12.30 for 2024. In the previous three years the minimum wage was $10.30 (in 2021), $11.15 (in 2022), and $12.00 (in 2023).

to 28 U.S.C. § 1367.

6. Venue for this action properly lies in the Eastern District of Missouri, pursuant to 28 U.S.C. § 1391, because Defendants do business in this judicial district and because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### III. PARTIES

#### A. Plaintiff

7. Plaintiff Brown is a resident of Saint Charles, St. Charles County, Missouri.

8. Defendants have employed Plaintiff Brown as a bartender from approximately March 2024 through the present at their Drake's restaurant in O'Fallon, Missouri.

9. Plaintiff Brown receives hourly wages of less than the FLSA's $7.25 per hour minimum wage and the MMWL's $12.30 minimum wage, namely $6.15 per hour, plus customer tips. In other words, during this time, Plaintiff Brown was a Tip Credit Employee as defined herein.

#### B. Defendants

10. Defendant Bluegrass Hospitality Group, LLC is a Kentucky limited liability company doing business within this judicial district.

11. Defendant Bluegrass Hospitality Group, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

12. Defendant Bluegrass Hospitality Group, LLC's registered agent is Brian J. McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

13. Defendant Bluegrass Hospitality Group, LLC has at all relevant times been an employer within the meaning of the FLSA and the MMWL.

14. Defendant Bluegrass Hospitality Management, LLC is a Kentucky limited liability company doing business within this judicial district.

15. Defendant Bluegrass Hospitality Management, LLC is headquartered at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

16. Defendant Bluegrass Hospitality Management, LLC's registered agent is Brian McCarty, who can be served at 866 Malabu Drive, Suite 250, Lexington, KY, 40502.

17. Defendant Bluegrass Hospitality Management, LLC has at all relevant times been an employer within the meaning of the FLSA and the MMWL.

## IV. FACTS

18. Plaintiff and those similarly situated are current and former Tip Credit Employees (as defined above) of Defendants at one or more of the restaurants they operate in Missouri.

19. At all relevant times, Defendants paid Plaintiff and other Tip Credit Employees an hourly wage below the applicable MMWL minimum wage and minimum overtime wage rates.

20. Defendants purported to utilize the tip credit to comply with the FLSA's required minimum wage of $7.25 per hour (and $10.88 per overtime hour) and likewise with the then-applicable MMWL minimum wage, which is presently $12.30 per hour (and presently $18.45 per overtime hour) to pay Plaintiff and other Tip Credit Employees under the FLSA and the MMWL.

21. Prior to relying on the tip credit, employers are required to inform employees of certain information.

22. Defendants did not inform Plaintiff and other Tip Credit Employees of the required information prior to relying on the tip credit.

23. Defendants required Plaintiff and other Tip Credit Employees to spend substantial

4

amounts of time performing non-tip-producing and directly supporting work (*e.g.*, cleaning and preparing their sections, polishing and preparing dinnerware, stocking and restocking stations, etc.) while being paid an hourly wage below the applicable federal and state minimum wage rates.

24. At the beginning of their schedule shifts, Tip Credit Employees routinely spent between 45 minutes and one hour performing non-tip producing work, prior to serving customers.

25. At the end of their scheduled shifts, after serving customers, Tip Credit Employees spent an hour-and-a-half to two hours performing non-tip producing work.

26. Throughout their scheduled shifts, during the time periods when customers were present in the restaurant, Tip Credit employees spent significant time, routinely about 30 minutes per hour, performing non-tip producing work. In other words, such time was routinely in excess of twenty percent (20%) of their worktime.

27. Defendants did not track or record the amount of time Plaintiff and other Tip Credit Employees spent on these non-tip-producing and directly supporting tasks.

28. Defendants knew or acted with reckless disregard of the fact that their pay practices and policies for Plaintiff and other Tip Credit Employees violated the MMWL.

## V.  COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff asserts her FLSA claims as a collective action on behalf of the following employees who file their written consent pursuant to 29 U.S.C. § 216(b):

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Missouri restaurants at any time since April 29, 2021.

30. Plaintiff's FLSA claims should proceed as a collective action because Plaintiff and these similarly situated individuals, having worked pursuant to the common policies

described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

## VI.  CLASS ACTION ALLEGATIONS

31. Plaintiff brings her MMWL claims on behalf of herself and, pursuant to Fed. R. Civ. P. 23, on behalf of the following class of individuals:

> All current and former Tip Credit Employees (as defined herein) of Defendants at their Missouri restaurants at any time since April 29, 2021.

(the "Rule 23 Class").

32. Plaintiff is members of the Rule 23 Class she seeks to represent.

33. Defendants have employed hundreds of individuals as Tip Credit Employees at their Missouri restaurants. Thus, the Rule 23 Class is sufficiently numerous that joinder of all members is impractical, satisfying Fed. R. Civ. P. 23(a)(1).

34. Plaintiff and the members of the Rule 23 Class share the same pivotal questions of law and fact, satisfying Fed. R. Civ. P. 23(a)(2). For example, Plaintiff and the members of the Rule 23 Class she seeks to represent were subject to the same compensation and tip policies. As a result, the Rule 23 Class shares several factual and legal questions, including, for example, whether Defendants: (1) provided Tip Credit Employees the required notice prior to relying on the tip credit provisions of the MMWL; and (2) required Tip Credit Employees to spend substantial amounts of time performing non-tip-producing and directly supporting work tasks at lower, sub-minimum-wage tipped hourly rates.

35. Plaintiff's claims are typical of the claims of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(3). Defendants' violation of the minimum wage, overtime wage, and other requirements of the MMWL was not the result of any Plaintiff-specific circumstances. Rather, it arose from Defendants' common pay policies and practices, which Defendants applied generally

to all their Tip Credit Employees, including Plaintiff. Thus, in advancing their own claims, Plaintiff will also be advancing the claims of the Rule 23 Class.

36. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Class, satisfying Fed. R. Civ. P. 23(a)(4). Plaintiff's interests are shared with the Rule 23 Class and Plaintiff has no interests that conflict with those of the Rule 23 Class. Furthermore, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employer's failure to pay them properly under the law, including under the MMWL.

37. By failing to pay Plaintiff and other Tip Credit Employees all required minimum and overtime wages pursuant to their common pay practices and policies, Defendants have created a scenario where questions of law and fact common to the Rule 23 Class predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for the fair and efficient adjudication of this matter. Plaintiff is entitled to pursue their claims as a class action, pursuant to Fed. R. Civ. P. 23(b)(3).

## VII.  CAUSES OF ACTION

### COUNT I:
### VIOLATION OF THE MINIMUM WAGE AND
### OVERTIME REQUIREMENTS OF THE FLSA

38. All previous paragraphs are incorporated as though fully set forth herein.

39. Plaintiff asserts this claim on behalf of herself and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b).

40. Plaintiff and all similarly situated individuals are employees entitled to the FLSA's protections.

41. Defendants are employers covered by the FLSA.

42. The FLSA entitles employees to a minimum hourly wage of $7.25 for every hour worked. 29 U.S.C § 206(a).

43. The FLSA entitles employees to an overtime rate "not less than one and one-half times" their regular rate of pay for hours worked over 40 hours in a workweek. 29 U.S.C § 207.

44. The minimum overtime hourly wage is $10.88 per hour (*i.e.*, one and one-half times $7.25 per hour). 29 U.S.C §§ 206(a), 207.

45. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and all similarly situated individuals, they forfeit the right to do so when certain requirements are not met. *See* 29 U.S.C. §§ 203(m), (t).

46. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiff and all similarly situated individuals of the information required by the FLSA; and (2) requiring Plaintiff and all similarly situated individuals to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below $7.25 per hour (and below $10.88 per hour for hours over 40 in a workweek).

47. As a result of these practices, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations under the FLSA to Plaintiff and all similarly situated individuals.

48. Therefore, Defendants have violated the FLSA's minimum wage and overtime requirements by paying Plaintiff and all similarly situated individuals an hourly wage below $7.25 for regular hours worked and below $10.88 for overtime hours worked (*i.e.*, hours worked

8

over 40 in a workweek).

49. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II:
## VIOLATION OF THE MINIMUM WAGE AND
## OVERTIME REQUIREMENTS OF THE MMWL

50. All previous paragraphs are incorporated as though fully set forth herein.

51. Plaintiff asserts this claim on behalf of herself and members of the Rule 23 Class, pursuant to Fed. R. Civ. P. 23.

52. Plaintiff and the Rule 23 Class are employees entitled to the MMWL's protections.

53. Defendants are employers covered by the MMWL.

54. The MMWL entitles employees to a minimum hourly wage of $12.30 per hour. Mo. Rev. Stat. § 290.502.[2]

55. The MMWL requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay for hours over 40 in a workweek. Mo. Rev. Stat. § 290.505.

56. The minimum overtime hourly wage is $18.45 per hour (*i.e.*, one and one-half times $12.30 per hour). Mo. Rev. Stat. §§ 290.502, 290.505.

57. While employers may utilize a tip credit to satisfy their minimum wage and overtime obligations to tipped employees, like Plaintiff and other Tip Credit Employees, they forfeit the right to do so when certain requirements are not met. *See* Mo. Rev. Stat. § 290.512(1)

---

[2] The minimum wage under the MMWL increases each year and is currently $12.30 for 2024. In the previous three years the minimum wage was $10.30 (in 2021), $11.15 (in 2022), and $12.00 (in 2023).

9

(permitting employers to take a tip credit that does not exceed 50% of the applicable minimum wage under the MMWL); 8 CSR 30-4.010 (incorporating requirements of 29 C.F.R. Chapter V, including §§ 531.50-531.60 relating to Tipped Employees, as amended on December 16, 2004 but not as subsequently amended or modified).

58. Defendants failed to satisfy the requirements necessary to rely on the tip credit to satisfy their minimum wage and overtime obligations (as set forth above) by: (1) failing to inform Plaintiff and the Rule 23 Class of the information required by the MMWL; and (2) requiring Plaintiff and the Rule 23 Class to spend substantial amounts of time performing non-tip-producing and directly supporting work (*i.e.*, work while not in an occupation in which they qualify as tipped employees) while being paid an hourly wage below the then-applicable MMWL minimum hourly wage (and below the minimum overtime hourly wage for hours over 40 in a workweek).

59. As a result of these practices, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage and overtime obligations under the MMWL to Plaintiff and the Rule 23 Class.

60. Therefore, Defendants have violated the MMWL's minimum wage and overtime requirements by paying Plaintiff and the Rule 23 Class an hourly wage below the then-applicable MMWL minimum hourly wage (and below the minimum overtime hourly wage for hours over 40 in a workweek).

61. In violating the MMWL, Defendants have acted willfully and with reckless disregard of clearly applicable MMWL provisions.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others

similarly situated:

  A. An order authorizing prompt notice of this litigation under FLSA, pursuant to 29 U.S.C. § 216(b), to potentially similarly situated individuals, tolling the running of the statute of limitations for potentially similarly situated individuals until a ruling on notice, and permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

  B. An order permitting this litigation to proceed as a class action pursuant to the MMWL and Fed. R. Civ. P. 23 and authorizing prompt notice of this litigation, pursuant to Fed. R. Civ. P. 23, to the Rule 23 Class;

  C. A finding that Defendants have violated the FLSA and the MMWL;

  D. A finding that Defendants' violations of the FLSA and the MMWL are willful and not in good faith;

  E. A judgment against Defendants and in favor of Plaintiff and all similarly situated individuals who opt into this action by filing a consent form, pursuant to 29 U.S.C. § 216(b), for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the FLSA;

  F. A judgment against Defendants and in favor of Plaintiff and the Rule 23 Class, pursuant to Mo. Rev. Stat. § 290.527, for all unpaid and underpaid wages that Defendants have failed and refused to pay in violation of the MMWL;

  G. Prejudgment and post-judgment interest to the fullest extent permitted under the law;

  H. Liquidated damages to the fullest extent permitted under the FLSA and the MMWL;

  I. Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent

permitted under the FLSA, the MMWL, and the Federal Rules of Civil Procedure; and,

J. Such other and further relief as this Court deems just and proper in equity and under the law.

### IX. JURY DEMAND

Plaintiff demands a jury as to all claims so triable.

Date: April 29, 2024

Respectfully submitted,

/s/ David W. Garrison
**DAVID W. GARRISON, # 24968(TN)**
**JOSHUA A. FRANK, # 33294(TN)**
**NICOLE A. CHANIN, # 40239(TN)***
BARRETT JOHNSTON MARTIN & GARRISON, PLLC
200 31st Avenue North
Nashville, TN 37203
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
jfrank@barrettjohnston.com
nchanin@barrettjohnston.com

*\* Admission to be applied for*

*Attorneys for Plaintiffs*